UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
) Criminal No. 05-30034-MAP
)
)
v. )
)
JOSE RODRIGUEZ, )
      Defendant. )

## SECOND MEMORANDUM PURSUANT TO LOCAL RULE 116.5

The United States of America, by and through its undersigned attorneys hereby files this memorandum. The government faxed a draft to C. Jeffrey Kinder, Esq., counsel for defendant Rodriguez, on September 6, 2005.

1. The defendant sent a discovery letter to the government dated July 25, 2005. The government sent a responsive letter to the defendant on July 28, 2005 in which it provided some of the requested information and declined to provide other information. The defendant filed a discovery motion on August 10, 2005 to which the government responded on August 23, 2005. The government provided the materials sought by the defendant in the motion. Therefore, at this time, are no outstanding discovery issues not yet presented or resolved by the Court.

2. The defendant has not requested discovery of expert witnesses under Fed. R. Crim. Pro. 16(a)(1)(E).

3. The parties do not anticipate providing additional discovery as the result of future receipt of information.

1

4. The defendant does not intend to raise a defense of insanity or public authority.

5. The government has requested notice of alibi by the defendant and there has been no response by the defendant.

6. The defendant may file a motion to sever, dismiss, or suppress, or other motion requiring a ruling by the District Court before trial pursuant to Fed. R. Crim. Pro. 12(c).

7. It is not necessary to schedule any matter in the case other than a Pretrial Conference.

8. The parties are not currently engaging in plea negotiations.

9. The parties agree that there are periods of excludable delay. The parties agree that the time frame from arraignment, June 15, 2005 through June 28, 2005 is excludable under Local Rule 112.2(A)(1). On July 25, 2005 the defendant filed a discovery letter. Pursuant to L.R. 112.2(A)(3), the time between July 25, 2005 and August 7, 2005 is excluded. The defendant filed a discovery motion on August 10, 2005 and pursuant to 18 U.S.C. § 3161(h)(1)(F) the time from the filing of that motion until the Court decides the motion is excludable. Further, at the August 11, 2005 Status Conference the Court, on agreement of the parties, excluded the time between August 11, 2005 and the September 7, 2005 Status Conference. There were no other motions or discovery letters filed.

Therefore, as of the day of the Status Conference on September 7, 2005, 26 days have run and 44 days remain on the Speedy Trial clock which will require that, if necessary, a trial commence on or before October 21, 2005.

10. In the event that a trial is necessary the trial will last approximately 5 days.

11. A date convenient with the Court should be established for the Pretrial Conference.

Filed this 2nd day of August, 2005.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

_____
TODD E. NEWHOUSE
Assistant United States Attorney

On behalf of defendant Rodriguez:

_____
C. JEFFREY KINDER, ESQ.
Counsel for defendant Rodriguez

CERTIFICATE OF SERVICE

Hampden, ss.                     Springfield, Massachusetts
                                 September 7, 2005

I, Todd E. Newhouse, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing, via mail to all counsel of record.

_____

3

           TODD E. NEWHOUSE
           Assistant U.S. Attorney

```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )   Criminal No. 05-30034-MAP
                            )
                            )
        v.                  )
                            )
JOSE RODRIGUEZ,             )
        Defendant.          )
```

SECOND MEMORANDUM PURSUANT TO LOCAL RULE 116.5

The United States of America, by and through its undersigned attorneys hereby files this memorandum. The government faxed a draft to C. Jeffrey Kinder, Esq., counsel for defendant Rodriguez, on September 6, 2005.

1. The defendant sent a discovery letter to the government dated July 25, 2005. The government sent a responsive letter to the defendant on July 28, 2005 in which it provided some of the requested information and declined to provide other information. The defendant filed a discovery motion on August 10, 2005 to which the government responded on August 23, 2005. The government provided the materials sought by the defendant in the motion. Therefore, at this time, are no outstanding discovery issues not yet presented or resolved by the Court.

2. The defendant has not requested discovery of expert witnesses under Fed. R. Crim. Pro. 16(a)(1)(E).

3. The parties do not anticipate providing additional discovery as the result of future receipt of information.

1

4. The defendant does not intend to raise a defense of insanity or public authority.

5. The government has requested notice of alibi by the defendant and there has been no response by the defendant.

6. The defendant may file a motion to sever, dismiss, or suppress, or other motion requiring a ruling by the District Court before trial pursuant to Fed. R. Crim. Pro. 12(c).

7. It is not necessary to schedule any matter in the case other than a Pretrial Conference.

8. The parties are not currently engaging in plea negotiations.

9. The parties agree that there are periods of excludable delay. The parties agree that the time frame from arraignment, June 15, 2005 through June 28, 2005 is excludable under Local Rule 112.2(A)(1). On July 25, 2005 the defendant filed a discovery letter. Pursuant to L.R. 112.2(A)(3), the time between July 25, 2005 and August 7, 2005 is excluded. The defendant filed a discovery motion on August 10, 2005 and pursuant to 18 U.S.C. § 3161(h)(1)(F) the time from the filing of that motion until the Court decides the motion is excludable. Further, at the August 11, 2005 Status Conference the Court, on agreement of the parties, excluded the time between August 11, 2005 and the September 7, 2005 Status Conference. There were no other motions or discovery letters filed.

Therefore, as of the day of the Status Conference on September 7, 2005, 26 days have run and 44 days remain on the Speedy Trial clock which will require that, if necessary, a trial commence on or before October 21, 2005.

10. In the event that a trial is necessary the trial will last approximately 5 days.

11. A date convenient with the Court should be established for the Pretrial Conference.

Filed this 2nd day of August, 2005.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

_____
TODD E. NEWHOUSE
Assistant United States Attorney

On behalf of defendant Rodriguez:

_____
C. JEFFREY KINDER, ESQ.
Counsel for defendant Rodriguez

CERTIFICATE OF SERVICE

Hampden, ss.                              Springfield, Massachusetts
                                          September 7, 2005

I, Todd E. Newhouse, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing, via mail to all counsel of record.

_____

3

           TODD E. NEWHOUSE
           Assistant U.S. Attorney