UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR No. 05-30034-MAP |
| | ) | |
| JOSE RODRIGUEZ, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE OR BOOKER
VARIANCE FROM THE FEDERAL SENTENCING GUIDELINE RANGE**

Defendant Jose Rodriguez ("Rodriguez") hereby moves the Court pursuant to U.S.S.G. 5K2.13 for a downward departure from the federal sentencing guideline range based on his diminished capacity. In the alternative, under U.S.S.G. 5K2.0(c) the totality of the circumstances supports a downward departure based on Rodriguez's mental and emotional condition and his lack of guidance as a youth. Finally, Rodriguez asserts that an application of the Supreme Court's decision in United States v. Booker and United States v. Fanfan, 125 S. Ct. 738 (2005) and the factors in 18 U.S.C. § 3553 warrant a sentence below the guideline range.

    **I. Introduction**

On December 13, 2005, Rodriguez entered guilty pleas to two counts of Distribution and Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841. Rodriguez was not an organizer or leader of the criminal activity which was non-violent in nature, has no criminal history points, and has provided the government with all information and evidence he has

regarding these offenses.  Accordingly, the Government has agreed that Rodriguez is eligible for the "safety valve" to the mandatory minimum five-year sentence that would otherwise apply based upon the 17.4 grams of cocaine base involved in the offenses.  See 18 U.S.C. § 3553(f).  The guideline range established under the United States Sentencing Guidelines is 37-46 months.  Presentence Report ("PSR"), ¶ 77.

**II.  Diminished Capacity**

A sentence below the applicable guideline range may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense.  U.S.S.G. §5K2.13.  "Significantly reduced mental capacity" means the Defendant has a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful.  U.S.S.G. §5K2.13, App. n.1.

In this case there is evidence that Rodriguez's ability to control his own behavior was impaired by Posttraumatic Stress Disorder and clinical depression, both of which are linked to the neglect and abuse he experienced as a child.  Rodriguez's tragic childhood is chronicled in the Psychological Assessment prepared by Dr. Andrew Bourke which accompanies the PSR.

> Mr. Rodriguez's childhood was marred by neglect, abuse, loss and exploitation, which is well documented by DSS records. His home life crumbled when he was a young child of 6. Both of his parents became drug involved, leaving them unavailable to him, and Mr. Rodriguez remembers an increasingly tense and violent home life with his parents fighting.
>
> The result was that Mr. Rodriguez, by the time he was 8 years old, had no significant models of stability to call upon; his foundational experiences all involved drugs, neglect and violence.
>
> The lack of stability continued as Mr. Rodriguez's mother alternatively won custody of her children back, but then quickly relapsed into substance abuse, inviting men into the family home who were reportedly abusive. DSS records detail the repeated placements, and failed reunifications.

Psychological Assessment ("PA") 13-14. Rodriguez fathered a child at the age of 13 and, unable to cope with various foster home placements, was on his own at the age of 15. PA 14. In short, Rodriguez was born into a family situation that provided no opportunity for normal development.

According to Dr. Bourke, the instability, abuse and neglect that Rodriguez experienced at an early age made him particularly susceptible to gang membership. He referred to the Latin Kings as the "family" and "the brothers he never had." PA 15. He relied on the Latin Kings and their culture of drug use and distribution to help him cope with the clinical depression he lived with from an early age.

>   It is noteworthy that Mr. Rodriguez's
>   clinical depression stretches many years,
>   starting at least at age 12 with his first
>   suicide attempt, underscoring how hurt and
>   lost Mr. Rodriguez truly was as a child.  It
>   appears that Mr. Rodriguez has repeatedly
>   experienced acute depressive episodes, as
>   noted by his repeated suicide attempts over
>   the years.
>
>   The testing indicated that Mr. Rodriguez has few
>   internal resources to cope with his emotional
>   life, tending to rely on avoidance.  This is not
>   surprising given the models he has in his parents.
>   It appears that Mr. Rodriguez used drugs to help
>   him cope with his feelings, which is not
>   surprising given the models he grew up with . . .

PA 15.  Thus, Dr. Bourke's report supports a conclusion that Rodriguez's gang affiliation and drug use were ways of coping with the low self esteem and depression caused by his parents' abuse and neglect.

### III.  Totality of Circumstances

The United States Sentencing Commission has determined that there are certain specific offender characteristics that are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range.  Among those are a defendant's mental and emotional condition (except those that cause a diminished capacity pursuant to §5K2.13) and lack of guidance as a youth and similar circumstances.  See U.S.S.G. §§5H1.3 and 5H1.12.  However, pursuant to U.S.S.G. §5K2.0(a)(4) departures can be based on either of these factors if they are present to an exceptional degree.  Further, even if neither

offender characteristic is independently sufficient to justify a downward departure, taken together they may be if the offender characteristics or other circumstances make the case an exceptional one and each characteristic is present to a substantial degree. §§5K2.0(c)(1) and (2).

In this case, even if the Court determines that there is insufficient support for a downward departure for diminished capacity under §5K2.13, Dr. Bourke's psychological assessment that Rodriguez has suffered from clinical depression and Posttraumatic Stress Disorder since he was a young boy provides a basis for a downward departure based on his mental and emotional condition under §5H1.3 because the circumstances are exceptional. Morever, the facts present a basis for downward departure for lack of guidance as a youth under §5H1.12.  Rodriguez's disadvantaged upbringing makes this an exceptional case.  He not only lacked parental guidance as a child, the guidance he received was antisocial and criminal in nature.

Should the Court find that neither Rodriguez's mental condition or disadvantaged upbringing warrant a downward departure individually, taken together these factors make the case an exceptional one under §5K2.0(c).

### IV.  Application of the 18 U.S.C. § 3553 Factors Warrants a Sentence B0elow the Guideline Range

Finally, if the Court determines that Rodriguez's mental condition and family circumstances do not warrant a departure

from the sentencing guideline range, the Court should impose a sentence below the guideline range pursuant to <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 125 S. Ct. 738 (2005) and the factors in 18 U.S.C. § 3553.  Under <u>United States v. Booker</u>, the Court must decide, on a case by case basis, what sentence is reasonable based upon a consideration of the applicable guidelines range as well as other factors set forth in the Sentencing Reform Act.  Title 18, U.S.C. § 3553(a) requires a sentencing court to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed -
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for -
>
>> (A) the applicable category of offense committed by the applicable category of Defendant as set forth in the guidelines issued by the Sentencing Commission . . .;
>
> (5) any pertinent policy statement issued by the Sentencing Commission . . .;

    (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7) the need to provide restitution to any victims of the offense.

    Considering all of these factors in Mr. Rodriguez's case, a sentence below the guideline range is reasonable.  First, despite an upbringing where criminal conduct was a constant example, this is his first criminal conviction.  Second, the drug distribution charges do not involve violence, nor does the PSR suggest a violent nature that poses a risk to the public.  Third, the Psychological Assessment concludes that Rodriguez recognizes that he has several problems which need to be addressed and he has stated a willingness to change.  If eligible, he would like to take advantage of the Bureau of Prisons 500 hour drug program which he understands requires six months of inpatient treatment followed by six months of continued treatment in a half way house.

    **IV. Conclusion**

    For all of these reasons Rodriguez respectfully requests that he be sentenced to a term of 28 months in the custody of the Bureau of Prisons ("BOP").  Although a 28 month sentence is 8 months less than the term called for by the Sentencing Guidelines, it adequately takes into consideration the seriousness of the offense, the need for deterrence, the need to protect the public, the unusual personal history and

characteristics of the Defendant and the need for correctional treatment. Even with credit for 10 months already served, a 28 month sentence will allow Rodriguez to complete the BOP 500 hour drug program within the term of incarceration. Further, whatever sentence is imposed, Rodriguez respectfully requests that the Court recommend that Rodriguez be considered by the BOP for the 500 hour drug program, and that he be incarcerated at Fort Dix, the closest BOP placement that offers the program.

                                            Respectfully submitted,
                                            Defendant Jose A Rodriguez,
                                            By His Attorney,

Dated: April 10, 2006            /s/ C. Jeffrey Kinder
                                            C. Jeffrey Kinder, BBO# 563890
                                            kinder@fierstpucci.com
                                            FIERST, PUCCI & KINDER LLP
                                            64 Gothic Street, Suite 4
                                            Northampton, MA  01060-3042
                                            (413) 584-8067
                                            (413) 585-0787 (facsimile)

## CERTIFICATE OF SERVICE

I, C. Jeffrey Kinder, hereby certify that a true copy of the above document was served upon the attorney of record for each other party by electronic notification on April 10, 2006.

                                            /s/ C. Jeffrey Kinder
                                            C. Jeffrey Kinder, Esquire